GRENADA BANK v. MOORE.

[95 South. 449. No. 23017.]

1. BANKS AND BANKING. *Bank liable to depositor for loss by conversion of controlling officer, even though gratuitous bailee.*

Where a bank accepts special deposits, and a person makes a special deposit of his securities therein, and its managing officer subsequently converts the securities to his own use, the bank, even though a gratuitous bailee, is liable to the depositor for the loss, regardless of whether such loss is occasioned by mere negligence or fraud; the act of conversion by the controlling officer being, in effect, the act of the bank itself.

2. BANKS AND BANKING. *Value of business of depositor sufficient consideration for mutuality of trust to safely keep deposited securities.*

Where a customer and general depositor of a bank which invites and accepts special deposits makes a special deposit of his securities therein which are subsequently lost or converted by its officers or servants, the bank is liable to the depositor for the loss of the securities, the bailment being one for hire, in that the bank acts for a consideration by virtue of its business dealings and relations with the depositor, his business being valuable and profitable to the bank is sufficient consideration for mutuality in the contract of trust to safely keep the securities.

APPEAL from chancery court of Choctaw county.
HON. T. P. GUYTON, Chancellor.
Suit by C. A. Moore, administrator of the estate of John
L. Moore, deceased, against the Grenada Bank. From a
decree for plaintiff, defendant appeals. Affirmed.

*Green & Green* and *T. E. Pegram,* for appellant.

*Boothe & Pepper* and *Teat & Potter,* for appellee.

HOLDEN, J., delivered the opinion of the court.

This is a suit in equity by C. A. Moore, administrator of
the estate of John L. Moore, deceased, against the Grenada
Bank to recover certain bonds, or their value, twenty thou-
sand five hundred dollars, deposited by the deceased, John
L. Moore, in the bank of Ackerman, a branch of the Gre-
nada Bank; and from a decree in favor of the appellee ad-
ministrator, the bank appeals.

The case is simply this: John L. Moore, deceased, in his
lifetime deposited in the bank of Ackerman, a branch of
the Grenada Bank, certain bonds of the value of twenty
thousand five hundred dollars as a special deposit; the
manager of the Ackerman Bank, C. A. Torbert, was also
the vice president and cashier of the Grenada Bank. Mr.
Moore was a depositor and customer of the Acker-
man Bank for many years before his death, and from
time to time purchased the bonds in question and delivered
them to the Ackerman Bank through its manager, C. A.
Torbert. The coupons of these bonds were regularly clip-
ped by the bank and the proceeds placed on deposit to
the credit of Mr. Moore, who seemed to have had implicit
confidence in the bank and its manager, Torbert, and in-
trusted it with the special keeping of the bonds in its
vaults.

Torbert, as we have already said, was the manager of the
Ackerman Bank and vice president and cashier of the
mother bank at Grenada. Torbert took the bonds out of

the Bank of Ackerman and hypothecated them with different parties and borrowed large amounts of money on them, which money he used for his own individual purposes; and this suit was for the purpose of recovering the bonds or their value from the Grenada Bank.

It appears that the money obtained by Torbert was used by him in paying off certain worthless obligations due to the Bank of Grenada from which obligations Torbert had previously received the benefit. So the funds he received for the bonds went into the Bank of Grenada in settlement of insolvent claims due it. The Grenada Bank had no knowledge that Torbert was taking the bonds and using them for the purposes stated, unless it knew it, as a matter of law, by reason of the fact that Torbert himself was an officer of the Grenada Bank and the manager of the Ackerman Bank.

It was the custom of the bank to receive special deposits of bonds and other valuables for its customers, and to keep them in its vaults.

It is the contention of the appellee, Moore, that the Grenada Bank is liable for the value of the bonds for two reasons, namely: First, that the funds obtained by the hypothecation of the bonds were used in settlement of bad obligations due to bank, and thus the bank received the benefit of these funds; second, that the bank is liable because it was negligence in its officers to permit Torbert to take the bonds out and borrow money on them, even though the bank was a gratuitous bailee.

The opposite contention of the bank is that Torbert was acting fraudulently for his individual benefit adversely to the bank, and not in its interest; or the loss was through mere negligence; and therefore it cannot be held liable as a gratuitous bailee; and that there is no liability on its part on account of receiving the funds obtained as a loan upon the bonds by Torbert, because it did not in fact receive the benefit from the funds, since they went to settle other valid obligations due the bank.

We see no merit in the position of appellant. It is immaterial in this case whether the bank was a gratuitous bailee or one for hire, because in either view it would be liable to the depositor Moore for the value of his bonds deposited in trust with it. The act of the manager, Torbert, in converting the bonds to his own use, was, in effect, the act of the bank itself.

But furthermore we do not think the bank was a gratuitous bailee, because it was acting for a consideration, in that it was dealing with one of its customers and depositors, whose business with the bank was valuable to it and amounted to a consideration for the trust of safely keeping the bonds in its vaults.

We cannot subscribe to the view that a general depositor and customer of a bank, who, by virtue of his business relations and of his implicit confidence in the institution, makes a special deposit of his securities and valuables therein, is afforded no protection against loss which occurs through the fraudulent acts or negligence of the officers of the bank. Our judgment is to the contrary.

The business given a bank by a customer who deposits his funds therein and otherwise contributes to its profits is valuable to the bank, and is certainly sufficient consideration in a contract of bailment, such as a special deposit, to create mutuality and warrant the view that it is a bailment for hire and not accommodation. Therefore the loss of the special deposit through the acts of the officers of the bank, either by negligence or fraud, must be met by the bank.

We have here a case where the manager of the Ackerman Bank received the special deposit of the bonds, and afterwards deliberately took them from the vaults, then in his charge, and disposed of them by hypothecation with outside parties. We think his act was the act of the Grenada Bank, the mother bank, because of his official position and control of the branch bank at Ackerman.

It would be contrary to all reason and right to hold that the officer in charge of a bank may receive special deposits from its credulous customers and dispose of them and con-

vert the funds obtained thereby to his own use without liability on the part of the bank. Such a view cannot be sound, and we hold in such a case the special depositor may recover the value of the deposit from the bank. See the cases of *Miller* v. *Bank of Holly Springs,* 95 So. 129, decided by this court February 12, 1923, and *First National Bank of Morristown, Tenn.,* v. *C. W. Leeton Bros.,* 95 So. 445, decided by this court on February 19, 1923.

The judgment of the lower court is affirmed.

*Affirmed.*